KILLORAN v. STANDARD SUPPLY CO.

Ohio Appeals, 4th Dist., Lawrence Co.
Decided Apr. 12, 1928.
First Publication of This Opinion.

Syllabus by Editorial Staff.

**791. MOTIONS AND ORDERS—677. Judgments.**

In disposing of motion for judgment notwithstanding verdict of jury, trial court is confined to consideration of statements in pleading, and must not consider evidence adduced in trial of case.

**587. GUARANTY—884. Parol Evidence.**

Where there is nothing in guaranty to show character of business in which principal debtor is engaged, extrinsic evidence must be resorted to, to show situation of parties to contract of guaranty, and what was intended, by them, guaranty should cover.

Error to Common Pleas.

Judgment reversed.

Corn & Jenkins, Ironton, for Killoran.

Irish & Riley, Ironton, for Supply Co.

STATEMENT OF FACTS.

The Standard Supply Company instituted an action against Patrick Killoran, plaintiff in error, and one W. J. Killoran, to recover upon a promissory note for $3,392.19. The note was made by W. J. Killoran. In the action, the company claimed judgment against Patrick Killoran by reason of a contract of guaranty, a copy of which was attached to the amended petition, marked exhibit A, "and made a part hereof the same as if rewritten herein." Patrick Killoran filed an answer to the amended petition, containing two defenses. For a first defense he made a general denial. For a second defense he admitted that he did sign as guarantor for his co-defendant.

"for goods and merchandise for the said W. J. Killoran should then purchase, but that shortly thereafter the said W. J. Killoran was called to the army of the United States, closed his business, paid all his obligations, including the indebtedness to plaintiff, of all of which the plaintiff had due notice, whereby, and by reason of the premises, this defendant's liability upon said guaranty ceased; and this defendant further says that when said W. J. Killoran re-engaged in business he did not renew said guaranty or in any way become liable to plaintiff for the obligations of said W. J. Killoran."

It appears from the record that the supply company filed a demurrer to the second defense aforesaid, which was overruled. The case was then tried and submitted to a jury. The jury returned a verdict for Patrick Killoran. It appears that when the jury was impanneled the company filed a motion for judgment on the pleadings, which was overruled. At the conclusion of the evidence the company again moved for a directed verdict, which motion was overruled. After the verdict was rendered the company filed a motion for a new trial and later filed a motion as follows:

"Plaintiff moves the court that the finding and verdict of the jury herein be set aside and that judgment be rendered for the plaintiff notwithstanding the verdict, for the reasons set out in the motion for a new trial herein, which said motion for a new trial is hereby adopted by reference and made a part hereof the same as if herein rewritten."

The latter motion was sustained and the court thereupon proceeded to render judgment in favor of the company notwithstanding the verdict. To reverse this judgment these proceedings are prosecuted here.

MIDDLETON, J.

"It is apparent, we think, that the trial court, in granting the motion aforesaid, had in mind the evidence as adduced in the trial of the case and, to some extent at least, lost sight of the issues as made by the pleadings. This being so, the case of Railroad Co. v. Noble, 85 OS. 175, is in point.

Many other authorities are to the same effect in this state.

As before observed, it is alleged in the second defense that the principal, W. J. Killoran, shortly after said guaranty was executed, closed his business, paid all obligations, including the indebtedness to the plaintiff, and entered the army of the United State, and that the company had due notice of these facts. These statements make an issue for the jury. There is nothing in the written guaranty to indicate what business W. J. Killoran was engaged in when the guaranty was made or where he was so engaged. There is nothing in said gauranty to show the character of the business in which W. J. Killoran was then engaged. It is apparent, therefore, that extrinsic evidence must be resorted to, to show the situation of the parties to this contract of guaranty and what was then manifestly intended by them that it should cover. If it was assumed by all parties as the basis of the guaranty that W. J. Killoran, in whatever business he was then engaged, would require certain goods, wares and merchandise in the operation of said business, and that the same might be purchased from the company, it would seem to be necessary, for the continuance of the guaranty, that Killoran should continue in such business, and the guaranty confined to goods purchased for said business. These circumstances must be shown by extrinsic evidence. The record shows that each side endeavored to present its case with as little evidence as possible. However, as has been suggested, the trial court, in determining its right to grant the motion for judgment, was confined to the pleadings, and, as the second defense expressly limited the liability of the guarantor to goods and merchandise which the said W. J. Killoran should then purchase, we think that the court was precluded from resorting to the facts as disclosed by the evidence. For this reason the judgment is reversed and the cause is remanded to the Court of Common Pleas with direction to pass upon the motion for a new trial."

(Mauck & Thomas, JJ., concur.)